JOHN UNDERWOOD AS RECEIVER, ETC., OF HENRY C. SUTCLIFFE, RESPONDENT, *v.* WILLIAM SUTCLIFFE, AND HORACE T. COOK, AS ADMINISTRATOR, ETC., OF HENRY C. SUTCLIFFE, DECEASED, APPELLANTS.

*Power of a court to vacate its judgments—when it may substitute the personal representatives of a deceased party in his place.*

On July 20, 1875, the plaintiff,—a receiver appointed in supplementary proceedings instituted against one H. C. Sutcliffe, upon a judgment recovered against him by one Ferris,—recovered a judgment, in an action brought against the said H. C. Sutcliffe and his son William, declaring the said Ferris judgment to be a lien upon certain land conveyed by a third person to William, and upon a building erected thereon, on the ground that the money for the purchase of the land and the erection of the building was furnished by the father. On an appeal taken by William the judgment was affirmed by the General Term, but reversed by the Court of Appeals on the grounds that a receiver in supplementary proceedings could not enforce

the trust arising in favor of the father's creditors, by reason of his having furnished the money for the purchase of the land; and that as to the building it was not shown that the money was advanced by the father with an intent to defraud his creditors.

H. C. Sutcliffe having died, pending the appeal to the General Term, the plaintiff, in October, 1879, applied for and procured an order substituting H. C. Sutcliffe's administrators as a defendant, vacating the judgment entered against him and ordering a new trial.

*Held*, that the order was proper and should be affirmed.

APPEAL from an order vacating a judgment heretofore entered in this action, in so far as it affected Henry C. Sutcliffe or his estate, and reviving and continuing the action against Horace T. Cook, public administrator of Cayuga county, as administrator of the said Henry C. Sutcliffe.

This action, brought by the plaintiff, a receiver appointed in supplementary proceedings, against Henry C. Sutcliffe, and William Sutcliffe, his son, was tried at the Cayuga Equity. Term in March, 1875. The action was brought to charge certain real estate and the improvements thereon with the lien of a judgment, obtained by one Ferris against Henry C. Sutcliffe. It appeared on the trial that during the pendency of an action brought by Charles T. Ferris against Henry C. Sutcliffe, the latter paid for certain real estate, the deed to which was taken by his son William. That at the time Henry C. Sutcliffe was carrying on an extensive business as a brewer, and that after the conveyance of the said land, valuable improvements were placed on the land by the defendant William, with money furnished by his father. It was claimed that the court had found in that action that the said land was so conveyed, and the said improvements were put on it and paid for with an intent by the said defendants to cheat and defraud the creditors of the said Henry C. Sutcliffe, and especially the said Charles T. Ferris, but that owing to an inadvertence and omission of the court in drawing the findings and decree, the decision, while it stated that the conveyance was made and received for the purpose of defrauding creditors, omitted to state that the improvements were placed thereon and paid for, with such intent to defraud.

The defendant, William Sutcliffe, appealed from the said judgment, which was entered in July, 1875, and the same was affirmed

by the General Term in an opinion reported in 10 Hun, page 453. On an appeal to the Court of Appeals the judgment was reversed, that court holding that a receiver in supplementary proceedings could not maintain an action to enforce a resulting trust, and granting a new trial; the court holding that while the improvements could be reached in this action if placed thereon with a fraudulent intent, yet that the findings and judgment did not show that intent sufficiently.

Henry C. Sutcliffe had in the meantime died, and the plaintiff moved this court to continue the action against his administrator, whom the creditor had caused to be appointed, and to open the judgment against Henry C. Sutcliffe, so as to be able on a new trial to show the fraud of both the father and the son in placing the said improvements on the premises.

From the order granting this motion, this appeal was taken.

*J. R. Cox*, for the appellant.

*W. F. Cogswell*, for the respondent.

Talcott, P. J.:

This is an appeal by Cook, the administrator of Henry C. Sutcliffe, deceased, who had died after the recovery of the judgment in this case, from an order made on December 8, 1879, that the judgment obtained in July, 1875, against Henry C. Sutcliffe (who was one of the original defendants in this action), so far as the same relates to or affects the said Henry C. Sutcliffe or his estate, be vacated, and that the said action be revived against the defendant Cook, public administrator of Cayuga county, as administrator of the goods and chattels of Henry C. Sutcliffe, deceased, in lieu and place of Henry C. Sutcliffe, in connection with William Sutcliffe, the other defendant. The action was originally commenced by the plaintiff as a receiver of the estate of Henry C. Sutcliffe, appointed under supplementary proceedings. The action was in the nature of a creditor's bill, and charged not only the fradulent conveyance of divers personal effects by the said Henry C. Sutcliffe to his son William, but also that the said Henry C. had caused and pro-

cured to be conveyed to the said William certain real estate in Auburn, which was paid for by the money of the said Henry C., and had after such conveyance, caused to be erected thereon a malthouse, at an expense of some $6,000, a part or all of the expense of the said building having been also paid for by the money of the said Henry C. Henry C. and William Sutcliffe each answered separately to the said complaint, the said Henry denying all the allegations of fraud in the complaint contained; that he owned or had any interest in the property mentioned; and the said William denying that the said property on which the malthouse was subsequently erected was purchased or caused to be purchased by the said Henry C. or with his money, but setting up that the lot was purchased by himself, and that he, with and out of his own means, erected the malthouse thereon, and denying also any fraudulent conveyance of that or any other property to him. The action came on and was tried before Mr. Justice DWIGHT at the Special Term, held in March, 1875, who found, amongst other things "that in the year 1866 the defendant, Henry C. Sutcliffe, became indebted to one Charles T. Ferris, and that Ferris recovered a judgment for that debt, and commenced the proceedings supplementary to the execution on which the plaintiff Underwood was appointed a receiver. That while the action was pending on behalf of the said Ferris the premises aforesaid were conveyed by one Wetherby to the defendant William, the son of the said Henry C., the consideration thereof being paid with the money of the said Henry C., and the conveyance was taken in the name of the son, with the concurrence of both defendants, for the purpose of hindering the said Ferris from collecting his said demand." That in the year 1868, the defendants erected a malthouse on the said premises at a cost of at least $6,000, all of which, with the exception of $1,500 furnished by the wife of Henry C., was paid with the money of the said Henry C., and " that said conveyance of said premises to said William Sutcliffe was for the purpose of delaying and defrauding the creditors of said Henry C., and especially the plaintiff, Charles T. Ferris, and hindering him from collecting the judgment in the said action if the same should be afterwards (as it was in fact) obtained and recovered." And the said court found, as conclusions of law, that the conveyance to

William Sutcliffe was fraudulent and void as against the said Ferris; and the same, with the building thereon, erected by the defendants, should in equity be subject to the judgment, and ordered a judgment in pursuance of the said conclusion of law. From that judgment the defendant William Sutcliffe appealed to this court, where the same was affirmed on the opinion of MULLIN, P. J. (the case being reported in 10 Hun, at page 453). From the affirmance of the said judgment by this court William Sutcliffe appealed to the Court of Appeals, where the judgment of affirmance was reversed and a new trial ordered, on the ground that there was no express finding of fraud in respect to the transaction, whereby the costs of erecting the malthouse had been paid out of the moneys of Henry C. Sutcliffe; and that so far as the findings showed, " the advance may have been made under circumstances creating the relation of creditor and debtor between the parties;" and that as to the lot on which the malthouse was erected, the trust resulting to the creditors of the defendant Henry C., by reason of the payment of the consideration by him, under section 52 of the article of the Revised Statutes relating to uses and trusts, could only be enforced by the creditor, whose judgment is not a lien on the land, but who is a *cestui que* trust to the extent of his debt, and the right to enforce the trust does not pass to or vest in a receiver appointed in supplementary proceedings.

The effect of the order appealed from is to include the representative of Henry C. Sutcliffe in the order for a new trial, and the Code of Civil Procedure (§ 756) provides that in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the party upon whom the liability is devolved to be substituted in the action; and in section 758 it is provided that, in case of the death of one of two or more defendants, if the entire cause of action survives against the others, the action may proceed against the survivors, and the court may make an order to bring in the proper representative of the decedent. The court had power to make the order that the action be revived or continued against the defendant Cook, as administrator of Henry C. Sutcliffe. The laches in the making of the application to vacate the judgment was sufficiently excused. In the recent case

of *Hatch* v. *Central Natl. Bank* (9 Weekly Dig., No. 2, p. 26), the Court of Appeals held that a court of record has an inherent power over its own judgments, and may set them aside when in the furtherance of justice. It is claimed that the court or the Special Term in ordering the findings in this case, found that the improvements put upon the malthouse premises were put on and paid for with the intent to cheat and defraud the creditors of the said Henry C. Sutcliffe, but in drawing up the findings by inadvertence it omitted to state such finding among the findings of fact. If such was the fact, it would seem to present a proper case for amending the findings of fact, and that such was the fact derived increased probability from the circumstance that the order appealed from was made by the same justice who tried the cause, and who prepared the findings in the action. Whether it was necessary to vacate the judgment for this purpose, we do not care to discuss, as we have concluded that the court had the power to do so ; and the granting or denying such application was a matter of discretion with the justice at Special Term, which we cannot say has been abused. Section 1290, relied upon by the counsel for the administrator as prohibiting the exercise of the privilege to set aside a final judgment upon a motion after the expiration of two years since the filing of the judgment roll, is, by its term, confined to those cases where the motion is made for error in fact, not arising upon the trial, and for that reason has no application to this case.

The order appealed from is affirmed, with $10 costs and disbursements.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Ordered accordingly.